UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19-645 (SRC) |
| v. | |
| JAMAL JOHNSON | OPINION |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Jamal Johnson for a pretrial ruling affirming that he will be able to question New Jersey State Police Officer Anthony Pompeo regarding how Officer Pompeo ascertained that Defendant resided at 25 Johnson Avenue in Newark, New Jersey.[1] The United States of America (the "Government") opposes this motion. For the reasons that follow, Defendant's motion will be denied.

On January 30 and February 5, 2020, the Court held an evidentiary hearing in connection with Defendant's motion to suppress certain evidence, including evidence identified in two allegedly unconstitutional searches of the home of his girlfriend, Arianna Rodriguez, located at 25 Johnson Avenue in Newark. During the hearing, Officer Pompeo testified that, while preparing a warrant for Defendant's arrest, he searched the Thomson Reuters Clear database (the "Database") to identify addresses potentially associated with the Defendant. Officer Pompeo further testified that the Database revealed two mailing addresses for Defendant: 25 Johnson Avenue and 60 North 12th Street. After considering the evidence and the arguments presented, the Court denied the

---

[1] The Court assumes the reader's familiarity with the factual synopsis concerning this action and the subject search described in the Court's May 22, 2020 opinion.

motion to suppress on May 22, 2020, relying in part on the Court's finding that Officer Pompeo's testimony was credible.[2]

Following this decision, Defendant investigated the connection between the Database and law enforcement's identification of 25 Johnson Avenue as an associated address for Defendant. Among other investigative efforts, Defendant queried the Database in June 2020 and obtained results showing that Johnson was associated with an address at 60 North 12th Street; the search did not identify 25 Johnson Avenue as an address associated with Defendant. The discrepancy between Defendant's findings and Officer Pompeo's testimony served as the foundation of Defendant's December 22, 2020 motion to reconsider its May 22, 2020 decision. According to Defendant, the results of his investigation demonstrated that Officer Pompeo committed perjury during the evidentiary hearing and that the officer was generally not credible, thus undermining the basis of the Court's earlier ruling. The Court denied this motion on several grounds, the most important of which was that the discrepancy was not probative of whether Officer Pompeo testified falsely on the narrow question of how law enforcement identified 25 Johnson Avenue, let alone sufficient to impugn Officer Pompeo's testimony more broadly.

Now, Defendant seeks a pretrial ruling that he will be able to question Officer Pompeo regarding "the specific source, time and place" concerning his determination that Defendant resided at 25 Johnson Avenue. (ECF No. 50 at 1.) This application is premature. If Defendant opts to proceed to a jury trial, the Court at that time can consider whether or not this line of inquiry, as well as the proposed proofs that Defendant would offer at trial, are relevant and admissible in the

---

[2] Namely, the Court found as credible Officer Pompeo's testimony that he solicited—and Ms. Rodriguez voluntarily gave—consent to search the residence at 25 Johnson Avenue. Officer Pompeo's testimony regarding how law enforcement concluded that Defendant was associated with 25 Johnson Avenue is not directly relevant to the Court's determination that Ms. Rodriguez provided constitutionally sufficient consent to search her home.

context of the actual trial issues. Deciding the propriety and/or the extent of such an inquiry in a vacuum will not help the Parties or the Court. In particular, Defendant has offered no evidentiary basis for the proofs which he asserts controvert Officer Pompeo's testimony. Moreover, Defendant has offered no basis for the Court to allow extrinsic evidence to be presented before the jury on an issue which appears to be wholly collateral to facts which the jury will ultimately be called upon to decide. See Fed. R. Evid. 608.

Should this case go to trial, Defendant at that time may seek to cross-examine Officer Pompeo on these issues and present whatever arguments he may have considering relevance and admissibility.

For these reasons, Defendant's motion will be denied. The Court will file an appropriate Order.

          s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 22, 2021